**NMTC CORP. d/b/a Matco Tools, Appellant,**

v.

**Jule R. CONARROE, Appellee.**

No. 09–02–499 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 20, 2003.

Decided Feb. 27, 2003.

Scott G. Camp, E.R. Norwood, Michael C. Sanders, Cotton, Bledsoe, Tighe & Dawson, P.C., Houston, for appellant.

Scot G. Doyen, Orgain, Bell & Tucker, Robert M. Gippin, Thompson Hine, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

DAVID B. GAULTNEY, Justice.

NMTC Corp. d/b/a Matco Tools ("Matco") sued Jule Conarroe for breach of a contract containing a covenant not to compete. Matco also sought a temporary injunction pending a trial on the merits. The trial court denied the temporary injunction request, and Matco filed this interlocutory appeal.

### BACKGROUND

Conarroe sold Matco Tools. As a Matco distributor, Conarroe had a specified territory and a list of potential customers. The distributor contract contained the following nonsolicitation or covenant not to compete clause:

> For a period of one year after the Term of this Agreement has expired or from the date this Agreement is terminated by either party for any reason, the Distributor and the Distributor's employees and immediate family will not sell or attempt to sell any mechanics' tools or service equipment to any Customer or potential customer located in the Territory or within one mile of the outer boundaries of the territory.

On March 11, 2002, Conarroe executed a separation agreement severing his ties with Matco. Shortly thereafter, he became a distributor for Cornwell Tools ("Cornwell"), Matco's competitor. At the hearing on the temporary injunction, Conarroe testified that some of the customers to whom he was selling Cornwell products had also been customers in his Matco territory. Matco argues this practice is prohibited by his distributorship agreement with Matco. Applying the common law prerequisites for temporary injunctions, the trial court denied Matco's request for temporary injunctive relief. Matco contends the covenant not to compete statute preempts the common law prerequisites for temporary injunctions.

### PREEMPTION

In its original petition, Matco sought a temporary injunction, damages for breach

of the covenant not to compete, and a permanent injunction. Covenants not to compete are enforceable if they meet the requirements set out in the Covenants Not to Compete Act ("Act"). *See* TEX. BUS. & COM.CODE ANN. §§ 15.50–52 (Vernon 2002). To be enforceable, the covenant must be "ancillary to or part of an otherwise enforceable agreement at the time the agreement is made," and any "limitations as to time, geographical area, and scope of activity to be restrained" must be reasonable and must not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee. *Id.* at § 15.50(a). The Act contains the following preemption provision:

§ 15.52   Preemption of Other Law

The criteria for enforceability of a covenant not to compete provided by Section 15.50 of this code and the procedures and remedies in an action to enforce a covenant not to compete provided by Section 15.51 of this code are exclusive and preempt any other criteria for enforceability of a covenant not to compete or procedures and remedies in an action to enforce a covenant not to compete under common law or otherwise.

TEX. BUS. & COM.CODE ANN. § 15.52 (Vernon 2002). Section 15.51(a) provides that a court may award the promisee damages, injunctive relief, or both damages and injunctive relief for a breach by the promisor of the covenant.

■ Matco argues that Section 15.52 of the Act preempts the common law standard for issuance of a temporary injunction, and that the only criteria for obtaining injunctive relief—regardless of whether it is before or after trial—are those set out in Section 15.50(a). A

First Court of Appeals opinion supports Matco's position. *See Norlyn Enters., Inc. v. APDP, Inc.,* 95 S.W.3d 578, 583–84 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The Act's preemption language describes as "exclusive" and preemptive the "procedures and remedies" set out in the Act, as well as the "criteria for enforceability." And the Texas Supreme Court stated in *Light v. Centel Cellular Co. of Texas,* 883 S.W.2d 642, 644 (Tex.1994), that the "Legislature intended the [Act] to largely supplant the Texas common law."

Conarroe points out that the Act is silent on the subject of temporary injunctions, and, by its plain terms, the preemption language in Section 15.52 applies only to enforceability of the covenant in the context of a final hearing on the merits. Conarroe argues that to obtain pretrial injunctive relief, Matco must show the traditional prerequisites for temporary injunctions: (1) a cause of action or other claim for permanent relief against the defendant; (2) a probable right to the permanent relief sought (i.e., a determination that the covenant was enforceable and that a breach occurred);[1] (3) and a probable, imminent, and irreparable injury before trial with no adequate remedy at law. *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204, 211 (Tex.2002). In denying Matco's request for a temporary injunction, the trial judge found that Matco had an adequate remedy at law and there was no substantial risk of imminent or irreparable harm.

■ Temporary injunctions serve a different purpose, and are issued at a different stage of litigation, than permanent injunctive relief. Temporary injunc-

---

1. The parties dispute whether the non-compete covenant is enforceable. The trial court declined to resolve that question at the temporary injunction stage of the proceedings. Be-

cause of our disposition of this interlocutory appeal, we likewise do not address the issue at this stage.

tions are issued to prevent only harm that cannot be prevented after a final determination on the merits. A permanent injunction provides, as part of the final judgment, the injunctive relief to which the applicant is shown to be entitled after the merits are determined at trial; a temporary injunction simply preserves the status quo before a trial court determines the merits. *See Butnaru,* 84 S.W.3d at 204.

The Act does not address pretrial relief. The language in Section 15.51—"a court may award the promisee ... damages, injunctive relief, or both ... for a breach by the promisor of the covenant"—contemplates a trial court's order of final relief following a trial on the merits. TEX. BUS. & COM.CODE ANN. § 15.51 (Vernon 2002). Yet a temporary injunction precedes a determination of the merits of the case. The Act does not address all of the requirements for a temporary injunction before the merits are determined.

◾ An application for injunction is a request that a court exercise its equitable jurisdiction, and in exercising that power the court balances competing equities. *See In re Gamble,* 71 S.W.3d 313, 317 (Tex.2002). For example, the Supreme Court held in *In re Gamble,* that the Election Code's authorization of "appropriate injunctive relief," to prevent a violation of the Code, incorporated principles of equity that control the remedy. *Id.* Because we conclude the Act does not set out or exclude procedures available to a litigant prior to a determination of the merits, we believe principles of equity must control the pretrial remedy.

We conclude that the Act does not eliminate the distinction between temporary and permanent injunctions. Matco maintains application of the common law prerequisites would severely weaken the Act. But our analysis does not affect, after a trial on the merits, the enforcement of a

non-compete covenant that meets the requirements of the Act. Because a temporary injunction is issued before the merits are decided, the possibility of error exists in predicting the result of the trial. As part of its weighing of the equities, a court considering a temporary injunction under the Act may balance the probable harm to the plaintiff if a temporary injunction is erroneously denied with the probable harm to the defendant if a temporary injunction is erroneously granted. *See Coastal Marine Serv. of Texas, Inc. v. City of Port Neches,* 11 S.W.3d 509, 515 (Tex.App.-Beaumont 2000, no pet.). We conclude the trial judge did not err in applying the common law prerequisites to the denial of Matco's request for a temporary injunction before the merits are determined. Issues one and two are overruled.

### TEMPORARY INJUNCTION—COMMON LAW PREREQUISITES

◾ Matco argues, in the alternative, that its proof met the common law prerequisites for issuance of a temporary injunction. The standard for appellate review of the denial of a temporary injunction is abuse of discretion. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993). To determine whether a trial court abused its discretion, we must decide whether the court acted without reference to any guiding rules or principles—in other words, whether the trial court's act was arbitrary or unreasonable so as to exceed the bounds of reasonable discretion. *See Butnaru,* 84 S.W.3d at 211. We review the evidence in the light most favorable to the order and indulge all reasonable inferences in favor of the decision. *Center for Econ. Justice v. American Ins. Ass'n,* 39 S.W.3d 337, 344 (Tex.App.-Austin 2001, no pet.). An abuse of discretion does not occur when the trial court bases its decision on conflicting evidence. *See Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978).

As to the probable injury prerequisite on which the trial court based its decision, there is evidence in the record that Matco will be harmed by Conarroe's activities before a trial on the merits can be held. During the term of the covenant, Conarroe, by his own admission, was selling Cornwell tools to former Matco customers in his old Matco territory. The harm was more than imminent; it was actual and ongoing. Gary Smith, Matco's business manager, testified damages would compensate for harm from the lost revenue. Although Matco says the remedy is inadequate because Conarroe cannot pay any damages awarded by the court, the record does not demonstrate Conarroe will be unable to satisfy a judgment for damages occurring pretrial. True, there is evidence that the enforcement of the covenant not to compete would destroy Conarroe's business and that his only other income is from his wife's job, which she had started approximately two months before the hearing. But that does not constitute evidence that he has no other assets to pay an award for injury occurring before trial or that he is insolvent.

Smith also indicated Matco suffered loss of goodwill. Smith claimed that any goodwill generated by Conarroe during his Matco distributorship would follow Conarroe to his new venture. The implication is that it would be difficult and time-consuming for Matco to place another distributor in the area. Yet Smith also indicated Matco distributors were unofficially operating in part of Conarroe's former Matco area within four days after Conarroe left Matco, and that goodwill would be restored when a new distributor was officially put in place. The trial court found that Conarroe's activities did not cause Matco to lose customer goodwill and that any revenue lost could be recouped by placing another distributor in the territory formerly assigned to Conarroe. There is probative evidence in the record to support the trial court's finding.

As the determining factor, the trial court balanced the equities of the parties and the resulting hardships from issuance or denial of a temporary injunction. *See Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 578 (Tex.App.-Austin 2000, no pet.) In balancing equities, a trial court may consider whether the degree of injury to the applicant would be slight or significant if the temporary injunction were erroneously denied, and whether the injury to the opposing party would be slight or significant if the temporary injunction were erroneously granted. *See id.* The trial judge concluded the "equities weigh[ed] heavily in favor of denying [Matco's] Application." As the trial court pointed out and the record supports, "[I]f a temporary injunction issues, Mr. Conarroe will be put out of business. If a temporary injunction does not issue, Matco may lose some sales within the territory, but the ability to mitigate those losses is within Matco's control and is subject to recoupment." The trial court did not abuse its discretion when, based on supporting evidence, the court balanced the equities and found they weighed in Conarroe's favor.

Issue three is overruled. The denial of the temporary injunction is affirmed.

AFFIRMED.