**Annette LONGTIN, Individually and in Her Representative Capacity as a Shareholder of Country One Stop, Inc., a Texas Corporation, Appellant,**

v.

**COUNTRY ONE STOP, INC., a Texas Corporation, Mel Schonhorst, Thomas Lydick, Teresa Davis, and Brandon Lydick, Appellees.**

No. 05–03–00098–CV.

Court of Appeals of Texas, Dallas.

Nov. 26, 2003.

Robert E.L. Richardson, Robert E. Richardson, Jr., Richardson Law Office, Sherman, for appellant.

Jason W. Richardson, Reginald B. Smith, Sherman, for appellees.

Before Justices MORRIS, O'NEILL, and LANG.

## OPINION

Opinion by Justice LANG.

In two issues, Annette Longtin, individually and in her representative capacity as a shareholder of Country One Stop, Inc., a Texas corporation, appeals the no-evidence summary judgment granted in favor of Country One Stop, Inc., Mel Schonhorst, Thomas Lydick, Teresa Davis, and Brandon Lydick.[1] For the reasons that follow,

we decide Longtin's issues against her and affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Longtin and the individual appellees are shareholders in Country One Stop, Inc., which was formed to operate a retail store at a highway intersection. Longtin was the manager of the store, and the individual appellees were directors of the corporation. On July 10, 2001, Longtin brought a shareholder's derivative suit, complaining that the individual appellees removed capital from the corporate treasury, making it impossible for the corporation to operate profitably and rendering the value of the corporate shares worthless. Longtin also sued the appellees individually for fraudulent inducement and breach of contract. Longtin sought damages and injunctive relief.

After a hearing on July 24, 2001, the trial court entered a temporary order, ordering that Longtin remain as an employee of the corporation, her interest in the corporation not be forfeited by any party, and Longtin not be evicted from her residence. The temporary order also enjoined appellees from withdrawing funds from the corporation except for reasonable and necessary operating expenses for the corporation. On August 30, 2001, the trial court issued a letter stating that the "court grants a temporary injunction" and requesting Longtin's counsel to prepare an order. The letter stated that the temporary injunction would provide that no expenditures would be made from any corporate account other than for normal business expenditures, no stockholders would be reimbursed from the corporate accounts until further court order, Longtin's stock would not be foreclosed or forfeited

---

1. The record shows that the petition named the defendant corporation as "Country One Shop, Inc." We have changed the style to reflect the corporation's name as it appears in the decretal portion of the final judgment.

by the stockholders, and no further stock would be issued, sold, or transferred. The trial court held a hearing on January 18, 2002, on Longtin's request for temporary orders, and, on that day, signed a temporary order that enjoined the parties from taking the actions addressed in the August 30 letter.

Subsequently, Longtin moved for additional temporary orders on grounds that appellees had ceased operation of the business and closed it. On February 14, 2002, the trial court held a hearing on Longtin's motion for additional temporary orders and appellees' first amended motion to dissolve temporary injunction and response to Longtin's motion for additional temporary orders. The trial court subsequently denied Longtin's motion and granted appellees' motion. The trial court dissolved the January 18, 2002 temporary order in part, with the result that the corporation's stockholders remained temporarily enjoined from any foreclosure or forfeiture of Longtin's stock in the corporation.

Appellees then filed a no-evidence summary judgment motion, asserting that there was no evidence appellees breached any fiduciary duty as to the derivative suit, and there was no evidence to support Longtin's individual claims for fraudulent inducement and breach of contract. Longtin filed a response to the motion, requesting generally that the trial court take judicial notice of the evidence and testimony presented at the hearings on the temporary injunction.[2] Appellees replied to Longtin's response, objecting that references to prior testimony did not constitute appropriate evidence pursuant to rule 166a(i). After a hearing and further briefing on the judicial notice issue, the trial court signed an order granting summary judgment in appellees' favor. Longtin appeals that order.

In her first issue, Longtin contends that, because the trial court granted temporary injunctions in her favor before the no-evidence summary judgment motion was filed, the trial court necessarily would have been required to find some evidence existed in support of her claims, and, therefore, summary judgment was improperly granted. In her second issue, Longtin contends that the trial court erred in failing to take judicial notice of its own records and proceedings when Longtin requested, in her response to the summary judgment motion, that the trial court take judicial notice of the evidence offered at the temporary injunction hearings. Longtin argues specifically that the evidence was not subject to dispute, and she should not be required to go to the expense of transcribing and attaching the records of the temporary injunction hearings.[3]

## STANDARD OF REVIEW AND APPLICABLE LAW

Under Texas Rule of Civil Procedure 166a(i), after an adequate time for discovery, a party may move for summary judgment on the ground that no evidence exists to support one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *Brewer & Pritchard, P.C. v. Johnson,* 7 S.W.3d 862, 866 (Tex.App.-Houston [1st Dist.] 1999),

2. Longtin also referred to Exhibit A, which is a *"ratification agreement" relevant to the issue* whether Longtin's shares were subject to any transfer or ownership restrictions. Exhibit A is a part of the appellate record as an attachment to Longtin's motion for summary judgment. However, it is not pertinent to the issues Longtin raises and is not determinative of the disposition of the appeal.

3. Longtin also filed a motion for summary judgment. The record does not show that the trial court heard this motion or ruled on it. Longtin makes no argument as to this motion.

*aff'd,* 73 S.W.3d 193 (Tex.2002). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. Tex.R. Civ. P. 166a(i); *see Brewer & Pritchard,* 7 S.W.3d at 866–67; *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet). To defeat a motion made under rule 166a(i), the nonmovant is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements. Tex.R. Civ. P. 166a(i) cmt.

A summary judgment based on rule 166a(i) employs a no-evidence standard. *See* Tex.R. Civ. P. 166a(i); *Frazier v. Yu,* 987 S.W.2d 607, 610 (Tex.App.-Fort Worth 1999, pet. denied). Accordingly, if the trial court is barred by rules of law or evidence from giving weight to the only evidence offered to prove an essential element, summary judgment is proper. *Frazier,* 987 S.W.2d at 610.

Texas Rule of Evidence 201 governs "judicial notice of adjudicative facts." Tex.R. Evid. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex.R. Evid. 201(b). It is mandatory that the court take judicial notice "if requested by a party and supplied with the necessary information." Tex.R. Evid. 201(d); *see Seigle v. Hollech,* 892 S.W.2d 201, 202 (Tex.App.-Houston [14th Dist.] 1994, no writ) ("[U]nder [rule of evidence 201(d) ], a court is required to take judicial notice only if a party requests it and the party supplies the court with the necessary information."). In the absence of a request and compliance with rule 201(d), the decision to take judicial notice or not is made discretionary by rule 201(c). *See* Tex.R. Evid. 201(c) ("A court may take judicial notice, whether requested or not."); *see also* 1 Steven Goode et al., Guide to the Texas Rules of Evidence § 201.5 n. 11 (3d ed.2002).

## DISCUSSION

■ We begin our analysis by considering Longtin's second issue, in which she argues that the trial court erred in failing to take judicial notice of the evidence from the hearings on the temporary injunction. There is no indication in the record that the trial court ruled on her request. Longtin's contention is that facts adduced during those hearings supply the necessary quantum of facts, i.e., more than a scintilla, to meet her burden to successfully oppose appellees' rule 166a(i) motion for summary judgment. Longtin included her request to take judicial notice in her response to the no-evidence summary judgment motion. It was a general request. Longtin requested that the trial court take judicial notice of the prior proceedings, which apparently had not been transcribed. No particular testimonial fact or exhibit was identified, and no reporter's record was identified or attached.

Relying on Texas Rule of Evidence 201(d), Longtin argues that the trial court was required to take judicial notice of the entire temporary injunction proceeding. Rule 201(d) states that a trial court "shall take judicial notice if requested by a party and supplied with the necessary information." Tex.R. Evid. 201(d). Here, Longtin did not identify any particular adjudicative fact for the trial court to consider. Instead, she requested the entire temporary injunction proceeding to be judicially noticed. Because of the nature of Longtin's request, we cannot conclude that the trial court abused its discretion by not taking

judicial notice of unidentified, discrete adjudicative facts that may have been present in the temporary injunction proceeding. *Cf. Garza v. State,* 996 S.W.2d 276, 279–80 (Tex.App.-Dallas 1999, pet. ref'd). Accordingly, the trial court did not err in failing to take judicial notice of the evidence and testimony offered at the temporary injunction hearings. We decide the second issue adversely to Longtin.

██ Next, we consider Longtin's first issue in which she argues that the mere granting of a temporary injunction raises a fact issue on the elements of her claims, making summary judgment improper. Longtin's argument appears to be an extension of her second issue, which we have decided adversely to her. Nevertheless, we note that, during a hearing on a temporary injunction, the applicant is not required to prove that she will prevail at trial, but only that she is entitled to preserve the status quo pending trial on the merits because she has a probable right and a probable injury. *Walling v. Metcalfe,* 863 S.W.2d 56, 57 (Tex.1993). This burden of proof is different from Longtin's burden pursuant to rule 166a(i). Merely presenting evidence in support of a successful request for a temporary injunction does not automatically raise a fact issue in opposition to a rule 166a(i) no-evidence summary judgment motion, which is subsequently filed. As we suggested in our discussion of Longtin's second issue, evidence adduced in a prior proceeding should not be presented to the trial court by a broad request for judicial notice. Rather, the necessary information must be supplied to the trial court for its consideration. *See Simplified Telesys, Inc. v. Live Oak Telecom, L.L.C.,* 68 S.W.3d 688, 690 (Tex App.-Austin 2000, pet. denied) (concluding reporter's record of evidence given at temporary injunction hearing, attached as exhibit to and referenced in nonmov-

ant's response, met requirements of rule of civil procedure 166a(i)). Therefore, we reject Longtin's argument that since a hearing was held and evidence adduced resulting in the granting of a temporary injunction, the no-evidence motion for summary judgment is rebutted. We decide the first issue adversely to Longtin.

### CONCLUSION

To meet her burden under rule of civil procedure 166a(i), Longtin was required to "produce" summary judgment evidence raising a genuine issue of material fact and "point out" evidence that raises a fact issue on the challenged elements. TEX.R. CIV. P. 166a(i) & cmt. We conclude that the trial court did not err by not considering the evidence of prior untranscribed hearings that Longtin sought to produce through a broad request for judicial notice. Accordingly, the trial court properly granted summary judgment in appellees' favor on Longtin's claims. Having decided adversely to Longtin on her issues, we affirm.