Carrol THOMAS, Beaumont Independent School District and Woodrow Reece, Appellants,

v.

BEAUMONT HERITAGE SOCIETY and Eddie Estilette, Appellees.

No. 09–09–00371–CV.

Court of Appeals of Texas, Beaumont.

Submitted Sept. 15, 2009.

Decided Sept. 18, 2009.

June 18, 2009 opinion, McMaster contends that the common law no longer applies. We do not reach that argument.

Melody G. Chappell, Nancy Y. Hart, Wells, Peyton, Greenberg & Hunt, L.L.P., Beaumont, for appellants.

Michael Getz, Jack Lawrence, Beaumont, for appellees.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

This is an accelerated interlocutory appeal from a temporary injunction order that enjoins appellants[1] from demolishing South Park Middle School. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon 2008).

■ In ruling on a temporary injunction, the trial court does not make a final decision on disputed facts; instead, the purpose of a temporary injunction "is to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). Therefore, in deciding whether to grant or deny an application for a temporary injunction, trial courts are given discretion. *Id.* (citing *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex.1993)). While temporary injunctions are not granted as a matter of right, "[a] reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion." *Id.* The reviewing court may not substitute its judgment for that of the trial court unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

On August 3, 2009, the trial court determined that harm was imminent because contractors were preparing to tear down buildings at South Park Middle School. Pending a trial on the merits, the trial court enjoined the school district, and its agents and employees, from proceeding with their plans until the court could conduct a merits-based trial, scheduled by the

---

1. Appellants are Beaumont Independent School District, Dr. Carrol Thomas, the District's superintendent, and Woodrow Reece, the president of the District's Board of Trustees. The appellees are the Beaumont Heritage Society and Eddie Estilette, a petitioner objecting to demolition of South Park Middle School.

court for September 21, 2009. The language in the trial court's order, which is now the subject of this interlocutory appeal, enjoins the appellants from "demolishing the South Park Middle School Main Building and ancillary buildings at 4500 Highland Avenue, Beaumont, Texas from the date of entry of this order." Nevertheless, the order is temporary as the court promptly scheduled a trial on the merits.

■ In our review of a temporary injunction order, we view the evidence in the light most favorable to the trial court's order and indulge every reasonable inference in its favor. *See Tri–Star Petroleum Co. v. Tipperary Corp.*, 101 S.W.3d 583, 587 (Tex.App.-El Paso 2003, pet. denied). Our review is confined to the validity of the order. *Id.*

■ In the trial court, neither party requested findings of fact and conclusions of law. Consequently, for purposes of this appeal, we presume all findings necessary to support the trial court's judgment and affirm if there is any legal theory sufficiently raised by the evidence to support it. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). If some evidence reasonably supports the trial court's decision, the trial court does not abuse its discretion. *Butnaru*, 84 S.W.3d at 211 (citing *Davis*, 571 S.W.2d at 862).

### The Record

In early 2007, the Board of Trustees for the Beaumont Independent School District announced that the District would seek a $388.6 million bond issue. At a meeting held on August 30, 2007, the Board approved an Order calling an election and specifying the proposition, in pertinent part, as follows:

> Shall the Board of Trustees of the Beaumont Independent School District be *authorized to issue and sell bonds* of the District in the aggregate principal amount not to exceed $388,600,000 *for the purpose of acquiring, constructing, renovating, improving and equipping new and existing school buildings and school facilities in the District* and purchasing necessary sites for school buildings and school facilities. . . . [2] (Emphasis added).

In an election held in November 2007, the District's voters approved issuance and sale of the bonds. Afterwards, the District began to further define many projects at various sites that involved acquiring, constructing, renovating, improving, and

2. The entire proposition is as follows:

> Shall the Board of Trustees of the Beaumont Independent School District be authorized to issue and sell bonds of the District in the aggregate principal amount not to exceed $388,600,000 for the purpose of acquiring, constructing, renovating, improving and equipping new and existing school buildings and school facilities in the District and purchasing necessary sites for school buildings and school facilities, which bonds may be issued in various series or issues, may be sold at any price or prices, shall mature and bear interest at such rate or rates (fixed, variable, floating, adjustable or otherwise) as shall be determined by the Board of Trustees of the District within its discretion at the time of issuance, but not to exceed the maximum maturity dates and interest rates now or hereafter authorized by law; and shall the Board of Trustees be authorized to levy and pledge and cause to be assessed and collected annual ad valorem taxes on all taxable property in the District, sufficient, without limit as to rate or amount, to pay the principal of and interest on said bonds and the cost of credit agreements, if any, executed in connection with the bonds, all as authorized by the Constitution and laws of the State of Texas, including particular[ly] (but not by way of limitation) Subchapter A of Chapter 45, Texas Education Code, and Chapter 1371, Texas Government Code, together with all amendments and additions thereto, and of the United States of America?

equipping new and existing schools. However, the record reflects evidence which, if true, shows that school officials, or their agents, before the bond election, represented to the public that there would be no demolition of "old South Park." The record further reflects a dispute over whether statements by the District's agents were authorized, ratified, or approved by the District. When it became apparent that the District intended to demolish the school, the Beaumont Heritage Society and Eddie Estilette filed a suit against the Beaumont Independent School District, Dr. Carrol Thomas (the District's superintendent), Woodrow Reece (the president of the District's Board of Trustees) and alleged, among other claims, that the District had no legal right to demolish South Park Middle School.

At the injunction hearing, Superintendent Thomas testified that based on the current construction plans, none of the buildings at South Park Middle School would be retained. Thus, the record in the trial court raises material mixed issues of fact and law. For instance, does "constructing," "renovating" or "improving," as used in the bond proposition, include demolishing an entire facility?

## Analysis

■■ By applying for a temporary injunction, the applicant requests the court to exercise its equitable jurisdiction, "and in exercising that power the court balances competing equities." *NMTC Corp. v. Conarroe*, 99 S.W.3d 865, 868 (Tex.App.-Beaumont 2003, no pet.). Here, the contention was that the buildings in question would have been destroyed within the time it took to reach a trial on the merits if the trial court refused to intervene—an issue that the trial court, exercising its power of equity, could weigh against the construction deadlines established by the District's

program to use the funds authorized by the bond election. *See id.*

As the merits of the underlying suit are not considered in appellate review, we do not decide today, nor do we intend to imply, that the appellees will ultimately prevail on some or any of their claims, nor may we assume "that the evidence taken at a preliminary hearing on temporary injunction will be the same as the evidence developed at a trial on the merits." *Brooks v. Expo Chemical Co., Inc.*, 576 S.W.2d 369, 370 (Tex.1979); *see Davis*, 571 S.W.2d at 861–62. Nevertheless, because our review of the record reveals the trial court, in weighing the equities, did not abuse its discretion in granting a temporary injunction to preserve the status quo pending a trial on the merits of the appellees' claims, we must affirm the trial court's order.

In light of the equities involved, language used in the bond proposition, and the question over the District's authority to use the bond funds for demolition of an entire school facility, we conclude the trial court had the necessary authority to temporarily enjoin the District from using bond funds to pay for demolishing South Park Middle School pending a trial on the merits.

■ In addition, the District asserts the trial court's temporary injunction is overly broad because it prohibits the school from using other funds to demolish the South Park Middle School. A school district's trustees are vested with the duty to manage the school district's property. TEX. EDUC.CODE ANN. § 11.151(c) (Vernon 2006). "The trustees may, in any appropriate manner, dispose of property that is no longer necessary for the operation of the school district." *Id.* When asked whether the board of trustees for the District had voted to tear down South Park, Superin-

tendent Thomas answered: "[T]he answer would be no."

Texas law, however, restricts expenditures of public school funds except for statutorily authorized purposes, which, with respect to demolition, may be spent "for other purposes necessary in the conduct of the public schools determined by the board of trustees." TEX. EDUC.CODE ANN. § 45.105(c) (Vernon 2006). The District's brief does not provide us with a record reference showing that the minutes of Board meetings reflect a vote to demolish the facility. *See* TEX.R.APP. P. 38.1(i). As the appellant in the matter now before us, the District has failed to show that the trial court abused its discretion. *See Butnaru,* 84 S.W.3d at 204. Thus, in light of the superintendent's testimony, and in the absence of any minutes that reflect that the Board authorized the demolition of South Park Middle School, and in the absence of any authorities that demonstrate the Board's authorization was unnecessary, we hold the trial court possessed authority to enjoin any demolition of South Park Middle School pending a trial on the merits of the issues raised by appellees.

Appellees and the appellants raise a number of other issues. However, we expressly do not reach any of them as they are not necessary to the final disposition of this accelerated appeal from the trial court's temporary injunction. *See* TEX. R.APP. P. 47.1. For the reasons stated, we affirm the trial court's temporary injunction order.

AFFIRMED.