In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00452-CV


 ____________________



SADLER CLINIC ASSOCIATION, P.A., Appellant



V.



NORA C. HART, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 09-08-07706 CV 






MEMORANDUM OPINION


 This is an interlocutory appeal from the trial court's denial of a temporary injunction. 
See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2008). The case is currently
set for trial on January 19, 2010.

 Sadler Clinic Association, P.A. and Dr. Nora C. Hart entered into a "Physician
Contract" on November 30, 2005. Hart resigned from her employment with the Clinic in
March 2009. The Clinic sued Hart for breach of contract, and sought to enforce the
contract's noncompete agreement and obtain a temporary injunction against Hart. After an
evidentiary hearing, the trial court denied the request for temporary injunction.

 "A temporary injunction is an extraordinary remedy and does not issue as a matter of
right." Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). The purpose of a
temporary injunction "is to preserve the status quo of the litigation's subject matter pending
a trial on the merits." Id.; Vaughn v. Intrepid Directional Drilling Specialists, Ltd., 288
S.W.3d 931, 936 (Tex. App.--Eastland 2009, no pet.); NMTC Corp. v. Conarroe, 99 S.W.3d
865, 868 (Tex. App.--Beaumont 2003, no pet.). To obtain a temporary injunction, the
applicant must plead and prove three specific elements: (1) a cause of action against the
defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury before the merits can be finally determined at trial. NMTC Corp., 99
S.W.3d at 867. In an interlocutory appeal from the denial of a temporary injunction based
on a covenant not to compete, the appellate court addresses the enforceability of the covenant
provisions only to the extent that they affect the analysis of whether the three elements
required for issuance of a temporary injunction have been satisfied. See Tom James of
Dallas, Inc. v. Cobb, 109 S.W.3d 877, 882-83 (Tex. App.--Dallas 2003, no pet.); see also
Tex. Bus. & Com. Code Ann. § 15.50 (Vernon Supp. 2009). 

 The reviewing court considers the trial court's order granting or denying a temporary
injunction under an abuse of discretion standard. Butnaru, 84 S.W.3d at 204. An appellate
court does not substitute its judgment for the trial court's judgment unless the trial court's
action was so arbitrary that it exceeded the bounds of reasonable discretion. Id. We review
the evidence in the light most favorable to the trial court's order and indulge reasonable
inferences in its favor. See EMSL Analytical, Inc. v. Younker, 154 S.W.3d 693, 696 (Tex.
App.--Houston [14th Dist.] 2004, no pet.). 

 The applicant for temporary injunction must establish all three elements. Butnaru, 84
S.W.3d at 204. The trial court's order denied the temporary injunction on the ground that the
Clinic did not show a probable right to relief, because "the geographical area of the
noncompete provision is not reasonable as to Hart, a family practice doctor." For purposes
of this appeal, however, we presume all findings necessary to support the trial court's order,
and affirm the order if there is any legal theory sufficiently raised by the evidence to support
it. Davis v. Huey, 571 S.W.2d 859, 862 (Tex. 1978); Thomas v. Beaumont Heritage Soc'y,
296 S.W.3d 350, 352 (Tex. App.--Beaumont 2009, no pet. ). Generally, if some evidence
reasonably supports the trial court's decision, the trial court does not abuse its discretion. 
Butnaru, 84 S.W.3d at 211 (citing Davis, 571 S.W.2d at 862). 

 The applicant shows a probable right to the relief sought by alleging a cause of action
and presenting evidence tending to sustain that cause of action. Vaughn, 288 S.W.3d at 936. 
As part of her contention that the Clinic did not establish a probable right to recovery, Hart
argues the covenant not to compete is unreasonable and imposes a greater restraint than
necessary. Section 15.50(a) of the Business and Commerce Code provides as follows:

 (a) Notwithstanding Section 15.05 of this code, and subject to any applicable
provision of Subsection (b), a covenant not to compete is enforceable if it is
ancillary to or part of an otherwise enforceable agreement at the time the
agreement is made to the extent that it contains limitations as to time,
geographical area, and scope of activity to be restrained that are reasonable and
do not impose a greater restraint than is necessary to protect the goodwill or
other business interest of the promisee.


Tex. Bus. & Com. Code Ann. § 15.50(a). A noncompete agreement is unenforceable unless
it meets the reasonableness standards of section 15.50; the statute expressly provides the
restriction must not impose a greater restraint than is necessary to protect the goodwill or
other business interest of the employer. See John R. Ray & Sons, Inc. v. Stroman, 923
S.W.2d 80, 85 (Tex. App.--Houston [14th Dist.] 1996, writ denied); see also Tex. Bus. &
Com. Code Ann. § 15.50(a). Here, the covenant not to compete provides that the physician
cannot compete with the Clinic "within a twenty-two (22) mile radius of Clinic's main
facility at 508 Medical Center Blvd., Conroe, Texas 77304." The Clinic contends the scope
of the noncompete agreement is reasonable as a matter of law, but, if not reasonable, the
geographical restriction should have been reformed and enforced by the trial court through
a temporary injunction. 

 The trial court heard evidence regarding the geographical restriction. We note that,
among other witnesses, a member of the physician team that decided upon the 22-mile radius
testified the mileage radius was "set up" approximately twenty years ago; he indicated the
team looked at common practice, geography, and patient flow. The witness indicated that
the Clinic had thought about changing the radius, but decided against it. The trial judge
commented that the population had almost doubled. The trial court also considered the effect
of the 22-mile radius on someone who would have to travel a greater distance should he or
she choose to continue as Hart's patient. See generally Coastal Marine Serv. of Tex., Inc.
v. City of Port Neches, 11 S.W.3d 509, 515 (Tex. App.-- Beaumont 2000, no pet.) (citing
Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615, 618-19 (1950)). 
Hart, a family practice physician, was scheduled to open a solo practice in October 2009, a
few weeks after the hearing. At the time of the hearing, the Clinic had 105 physicians and
10 locations.

 Hart also argues the Clinic did not meet its burden to demonstrate a probable,
imminent, and irreparable injury. The Clinic maintains it did. The trial court held the
temporary injunction hearing on September 18 and 21, 2009. The court signed the order
denying the temporary injunction on October 2, 2009, and scheduled the trial for January 19,
2010. Hart's office will have been open a little over three months prior to the January 2010
trial date. The Clinic's evidence of probable, imminent, and irreparable harm was essentially
its conclusion that the Clinic would "unravel" if the trial court did not grant a temporary
injunction; and dissemination of the Clinic's confidential information would cause the Clinic
harm. There was no specific evidence of Hart's dissemination of confidential information,
of a decline in Clinic revenues since Hart left the Clinic, of Hart's solicitation of any Clinic
physicians to join her in her practice, of Hart's capitalization on Clinic vendor or insurance
opportunities, of any Clinic difficulty in obtaining financing, or of the exit of any other
physicians from the Clinic. 

 There was evidence that Amy Hamilton, a former Clinic physician assistant, was
joining Hart in Hart's new office. Hart testified she did not solicit Hamilton to join in Hart's
practice; Hamilton approached her about the matter.

 A temporary injunction is an equitable remedy prior to trial; a trial court balances the
equities and weighs the respective conveniences and hardships of the parties at that time. 
NMTC Corp., 99 S.W.3d at 868; Universal Health Servs., Inc. v. Thompson, 24 S.W.3d 570,
578 (Tex. App.--Austin 2000, no pet.). Because a temporary injunction is a pre-trial remedy,
the merits have not yet been finally determined, and the court may consider the possible
effects of error in granting or denying the temporary relief. See NMTC Corp., 99 S.W.3d at
868-69. In balancing the equities, the trial court could consider whether the impact on the
Clinic of an erroneous failure to grant the temporary injunction would be slight or significant,
and whether the impact on Hart would be slight or significant if the temporary injunction
were erroneously granted. See id.; Coastal Marine Serv. of Tex., Inc., 11 S.W.3d at 515. 
This determination, necessarily made before the merits have been determined at trial, is not
one an appellate court will overturn unless the decision exceeds the bounds of reasonable
discretion. See Butnaru, 84 S.W.3d at 204. Although the Clinic may be able to establish the
enforceability of the noncompete agreement at trial, we cannot conclude from the record in
this case that the trial court abused its discretion in denying the Clinic's request for a
temporary injunction. 

 The Clinic also asks this Court to reform the geographic limitation. Because we need
not determine the merits of the noncompete agreement in this interlocutory appeal, we do not
reform the agreement in this appeal. See Loye v. Travelhost, Inc., 156 S.W.3d 615, 619 (Tex.
App.--Dallas 2004, no pet.) (Appeal of an order denying temporary injunction "does not
present for appellate review the ultimate question of whether the covenant is enforceable[.]");
McNeilus Cos., Inc. v. Sams, 971 S.W.2d 507, 508, 511 (Tex. App.--Dallas 1997, no pet.)
(Statute authorizing interlocutory appeal does not encompass an appeal of a refusal to reform
a noncompetition agreement.). We overrule issues one, two, and three.

 In issue four, the Clinic asserts that the trial court's order is void because "it fails to
contain (i) findings in support of injunction relief, and (ii) a trial setting." However, the
order does include a trial setting of January 19, 2010, and does include the trial court's reason
for denying the relief. Furthermore, Rule 683 applies to orders granting injunctive relief. 
See Tex. R. Civ. P. 683. 

 The order denying the temporary injunction does provide that "in accordance with the
agreement of Dr. Nora C. Hart, Dr. Nora C. Hart shall not hire or employ any current Sadler
Clinic employees. Dr. Hart may continue to employ Amy Hamilton." Hart has not
challenged the order instructing her not to hire any current employees, and, given the pending
trial setting, any issue concerning an alleged violation of the order may first be addressed to
the trial court. 

 The Clinic nevertheless argues the trial court's order is void, and there is no evidence
to exempt Amy Hamilton, a former physician assistant of the Clinic, from the order. We
interpret this argument as essentially asserting that, despite the language of the order, the trial
court effectively denied the requested relief by failing to comply with Rules 683 and 684. 
See Tex. R. Civ. P. 683, 684. 

 Although the hearing reflects the trial judge stated that "the injunction is granted in
part and denied in part," there was no written order clearly granting a temporary injunction. 
We have addressed the decision to deny the temporary injunction in issues one, two, and
three. We overrule issue four.

 The trial court's order is affirmed. 

 AFFIRMED.

 ___________________________

 DAVID GAULTNEY

 Justice


Submitted on January 4, 2010

Opinion Delivered January 14, 2010


Before McKeithen, C.J., Gaultney and Horton, JJ.