AFFIRM; Opinion issued December 6, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00351-CV

### PRIMARY HEALTH PHYSICIANS, P.A., Appellant

### V.

### WALLACE SARVER, D.O., Appellee

On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC 12-00289-K

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

In this accelerated interlocutory appeal, appellant Primary Health Physicians, P.A. challenges the trial court's order denying a temporary injunction against Wallace Sarver, D.O., based on a covenant not to compete in the parties' employment agreement. Among other things, the trial court concluded PHP would not suffer irreparable injury pending trial on the merits. In two issues, PHP asserts the trial court abused its discretion because (1) PHP did not need to show irreparable injury once it established Sarver violated a covenant not to compete that was enforceable under the Covenants Not to Compete Act, and (2) the evidence at the hearing proved irreparable injury. We affirm the trial court's order.

Sarver was hired by PHP as a doctor for its CareNow clinic in Frisco. Sarver signed an

employment agreement providing he would not engage in any business that was competitive with PHP within the ten-mile radius around the Frisco CareNow facility for a period of two years following the termination of the employment agreement. Sarver resigned from his position at the Frisco CareNow clinic in December 2011. On January 9, 2012, Sarver began working for FamilyWise, in Allen, Texas, where he assumed another physician's practice and full load of patients. It is undisputed that FamilyWise was within the ten-mile radius of the Frisco CareNow Clinic. Sarver then sued PHP seeking injunctive and declaratory relief to prevent PHP from enforcing the noncompete provision with respect to his employment with FamilyWise. PHP answered and filed a counterclaim seeking, among other things, a temporary injunction enjoining Sarver from working at FamilyWise. After a hearing, the trial court denied PHP's request for a temporary injunction. This appeal followed.

Our review of the trial court's order is limited to whether the trial court abused its discretion in refusing to grant temporary relief. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial court abuses its discretion when it misapplies the law to established facts or when the evidence does not reasonably support the trial court's factual determinations. *See id.* at 211; *Rugen v. Interactive Bus. Sys., Inc.*, 864 S.W.2d 548, 551 (Tex. App.—Dallas 1993, no writ).

A temporary injunction applicant must plead and prove the following three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 882 (Tex. App.—Dallas 2003, no pet.). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru*, 84 S.W.3d at 211.

The enforceability of a covenant not to compete is governed by the Covenants Not to Compete Act. *See* TEX. BUS. & COM. CODE ANN. § 15.50 et seq. (West 2011). The Act contains

-2-

a provision stating its procedures and remedies to enforce a noncompete agreement are exclusive and preempt any other criteria for enforceability under common law or otherwise. *Id.* at § 15.52.

In its first issue, PHP contends it was not required to establish irreparable harm for a temporary injunction because it established the covenant not to compete was enforceable under the Act and Sarver was violating the covenant by working at FamilyWise. PHP cites three cases from this Court to support its position that, under the Act, an applicant need not establish irreparable harm to obtain a temporary injunction to enforce a covenant not to compete. *See McNeilus Cos. Inc. v. Sams,* 971 S.W.2d 507 (Tex. App.—Dallas 1997, no pet.); *Hilb, Rogal & Hamilton Co. of Tex. v. Wurzman,* 861 S.W.2d 30 (Tex. App.—Dallas 1993, no writ); *Recon Exploration, Inc. v. Hodges,* 798 S.W.2d 848 (Tex. App.—Dallas 1990, no writ). Although the cases cited by PHP do contain dicta suggesting the Act's enforceability requirements supercede those under the common law for injunctive relief, we have never held the Act eliminates the requirement that an applicant show irreparable harm to obtain a temporary injunction based on a covenant not to compete.

Several sister courts have determined the Act does not preempt the requirements for obtaining temporary injunctive relief. *See EMSL Analytical, Inc. v. Younker,* 154 S.W.3d 693, 695 (Tex. App.—Houston[14th Dist.] 2004, no pet.); *Cardinal Health Staffing Network, Inc. v. Bowen,* 106 S.W.3d 230, 239–40 (Tex. App.—Houston [1st Dist.] 2003, no pet.); *NMTC Corp. v. Conarroe,* 99 S.W.3d 865, 867–68 (Tex. App.—Beaumont 2003, no pet.). We agree with the reasoning of these cases that the Act governs only final remedies and does not supplant the common law requirements for a pretrial temporary injunction. In fact, when an appeal involves an order on a temporary injunction application based on a covenant not to compete, the ultimate question of whether the covenant is enforceable under section 15.50 of the business and commerce code is not an issue for appellate review. *See Tom James of Dallas,* 109 S.W.3d at 882–83. The trial court may

therefore consider the parties' respective conveniences and hardships, weighing the probable harm to the plaintiff if a temporary injunction is erroneously denied with the probable harm to the defendant if a temporary injunction is erroneously granted. *See NMTC Corp. v. Conarroe*, 99 S.W.3d 865, 868 (Tex. App.—Beaumont 2003, no pet.).

Having concluded that PHP was required to show irreparable injury to be entitled to a temporary injunction, we next address whether the trial court abused its discretion in determining that PHP failed to make the requisite showing of irreparable injury. The hearing on the temporary injunction took place on February 17, 2012, about five weeks after Sarver began working at FamilyWise. PHP presented evidence that while working at CareNow, Sarver developed a devoted patient following and after he left, patients asked to see Sarver. No evidence shows, however, that any of these patients stopped going to the Frisco CareNow and were instead now going to FamilyWise to see Sarver. Another doctor and the front desk manager from Frisco CareNow testified that when patients request Sarver or ask about his absence, they inform them that he has gone to another practice, but do not give the patients any information as to where Sarver is currently working. The doctor testified he had seen only one patient who said she had been treated by Sarver at FamilyWise and that patient was still seeking treatment at CareNow. The doctor was not aware of any patients who were not coming to CareNow and instead going to see Sarver.

Conflicting evidence also exists on whether FamilyWise actually competed with CareNow. While CareNow and FamilyWise facilities were both involved in the practice of family medicine and provided treatment for acute and chronic illnesses, the CareNow facility was a non-appointment-based facility with extended hours that focused on the "episodic" needs of patients. FamilyWise, on the other hand, was a more traditional family practice seeing patients by appointments only during regular business hours and focused on preventative and "chronic longitudinal" care. FamilyWise

-4-

does not have the resources to treat many acute injuries that are treated by CareNow and refers urgent care patients to another facility.

Sarver did not solicit or contact patients he saw at CareNow nor did he use any confidential information obtained while working for CareNow. Moreover, two PHP representatives testified that since Sarver left and began working at FamilyWise, the patient volume and profitability at CareNow was about the same and had not decreased. Sarver stated that since he began working at FamilyWise, he had seen two patients he had treated previously at Care Now. One was already a patient of FamilyWise and remained a patient of CareNow. He noted the other patient would also continue to seek treatment at CareNow. Although PHP claims on appeal that CareNow has and will continue to lose the valuable goodwill generated by Sarver's treatment of the patients at its Frisco facility, it references no evidence from the hearing to support this assertion.

Because some evidence supports the trial court's determination that PHP would not suffer probable irreparable harm before the case is finally tried on the merits, the trial court did not abuse its discretion in denying the temporary injunction. We affirm the trial court's order.

MOLLY FRANCIS
JUSTICE

120351F.P05

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

# JUDGMENT

PRIMARY HEALTH PHYSICIANS, P.A., Appellant

No. 05-12-00351-CV      V.

WALLACE SARVER, D.O., Appellee

Appeal from the 192nd Judicial District Court of Dallas County, Texas. (Tr.Ct.No. DC 12-00289-K).
Opinion delivered by Justice Francis, Justices Morris and Murphy participating.

    In accordance with this Court's opinion of this date, the order of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Wallace Sarver, D.O. recover his costs of this appeal from appellant Primary Health Physicians, P.A.

Judgment entered December 6, 2012.

MOLLY FRANCIS
JUSTICE