**REVERSE and REMAND; Opinion issued April 18, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-10-01294-CV

**KEITH ALAN YOUNG, Appellant**

V.

**TRACY LYNN SMITH, KEITH BAILEY,**
**AND DAVID LEWIS GOLDEN, Appellees**

On Appeal from the 429th Judicial District Court
Collin County, Texas
Trial Court Cause No. 429-03129-2009

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Lang
Opinion by Justice Bridges

Keith Alan Young appeals the trial court's judgment in favor of Tracy Lynn Smith, Keith Bailey, and David Lewis Golden. In three issues, appellant argues the trial court abused its discretion in (1) entering judgment against appellant because no evidence supports the judgment; (2) entering judgment where appellant challenged the trial court's implied findings; and (3) denying his motion for new trial and motion to reconsider. We reverse the trial court's judgment and remand the cause for further proceedings. Because the facts are well known to the parties and the issues of law are settled, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Smith, Bailey, and Golden are the adult children of Linda Faye Young, the appellant's deceased spouse. Appellant is not the father of Smith, Bailey, or Golden. At the time of Linda Young's death in 2006, Golden lived in separate living quarters located at the couple's home in Princeton, Texas. In 2009, appellant gave Golden notice to vacate the property. Smith, Bailey, and Golden sued appellant seeking a temporary restraining order and temporary and permanent injunctions enjoining appellant from taking any action to remove Golden or Golden's personal property from the Princeton property. They also sought an accounting for income allegedly received on a second piece of property in McKinney, Texas. Appellant filed an answer generally denying appellees' allegations.

By order of August 19, 2009, the trial court granted appellees' request for a temporary restraining order. On September 11, 2009, the trial court conducted a hearing on appellees' request for a temporary injunction. Both appellant and appellees appeared and offered evidence and argument. In an order dated September 19, 2009, the trial court granted the temporary injunction and set the matter for trial on the merits.

On July 6, 2010, the day of trial, appellant and his counsel failed to appear. Counsel for appellees stated he had "no communication whatsoever" with appellant's counsel and offered into evidence an exhibit showing he had notified appellant's counsel of the trial date. Counsel requested the trial court to "take judicial notice of the contents of the Court's file" and briefly reviewed the history of the case. Counsel called Smith to testify, and Smith answered "yes" when asked if she was "requesting that the temporary injunction be made a permanent injunction." Appellees' counsel called himself as a witness and testified concerning attorney's fees. No exhibits other than the notification about the hearing were entered into evidence.

2

On July 14, 2010, the trial court entered judgment permanently restraining appellant from taking action to remove Golden or Golden's personal property from the Princeton property. Appellant filed a motion to vacate the judgment and, alternatively, a motion for new trial, which the trial court denied. Appellant filed a motion to reconsider, which the trial court also denied. This appeal followed.

We review the granting or denial of a permanent injunction for an abuse of discretion. *See Operation Rescue–Nat'l v. Planned Parenthood*, 975 S.W.2d 546, 560 (Tex. 1998). Under the abuse of discretion standard, the reviewing court does not substitute its judgment for the trial court's judgment unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules and principles. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A trial court has no discretion to grant injunctive relief without supporting evidence. *Operation Rescue–Nat'l*, 975 S.W.2d at 560.

In his first issue, appellant argues there is no evidence to support the trial court's judgment granting a permanent injunction. We agree. If a defendant has filed an answer, but does not appear at trial, "a trial court may not render judgment on the pleadings and the plaintiff is required to offer evidence and prove all aspects of its claim." *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009). We conclude that appellees did not offer evidence to prove all aspects of their claim for a permanent injunction. *See id.*

Appellees rely on their request "that the Court take judicial notice of the contents of the Court's file" to argue that there was evidence to support the trial court's judgment. However, the trial court made no ruling on this request,[1] and appellees did not identify any particular item or

---

[1] At oral argument before this Court, appellees contended the trial judge granted their request to take judicial notice. However, the ruling they reference, the trial court's statement, "OK, that's admitted," immediately follows appellees' attorney's statement, "I would submit to the Court Plaintiffs' Exhibit 1 showing that counsel was advised of the hearing this morning, he received it, and they're not here." This request was made

3

fact of which the trial court was to take notice. *Longtin v. Country One Stop, Inc.*, 129 S.W.3d 632, 635–36 (Tex. App.—Dallas 2003, pet. denied), presented similar circumstances. In *Longtin*, the trial court had granted temporary injunctions in favor of appellant Longtin, but later granted the appellees' no-evidence motion for summary judgment. *See id.* at 634. In her summary judgment response, Longtin argued that the trial court should take judicial notice of the evidence from the hearings on the temporary injunction. The trial court did not rule on this request, and granted summary judgment. On appeal, Longtin contended that the facts adduced during the temporary injunction hearings supplied more than a scintilla of evidence to defeat the appellees' no-evidence motion. *Id.* at 635. Longtin argued that under Texas Rule of Evidence 201, the trial court was required to take judicial notice of the entire temporary injunction proceeding. *Id.* We concluded, however, that where Longtin "did not identify any particular adjudicative fact for the trial court to consider," the trial court did not abuse its discretion "by not taking judicial notice of unidentified, discrete adjudicative facts that may have been present in the temporary injunction proceeding." *Id.* at 635–36. The trial court did not abuse its discretion by not taking judicial notice of the unspecified "contents of [its] file." *See id.*

In any event, at the temporary injunction hearing, appellees were not required to offer evidence to establish the merits of their claim for a permanent injunction. *See Butnaru*, 84 S.W.3d at 211 (citing *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968), for proposition that party is not required to prove it would prevail at final trial in order to obtain temporary injunction). Instead, they were required to plead and prove three specific elements: (1) a cause of action against appellant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. The purpose of a temporary

---

after describing attempts to reach an agreement with appellant's counsel, and unsuccessful attempts to reach appellant's counsel. The request for judicial notice was made earlier, before appellees' counsel gave a summary of the proceedings to date.

4

injunction is "to preserve the status quo of the litigation's subject matter pending a trial on the merits." *Id.* at 204. An applicant is not required to show he will prevail at the final trial because the ultimate merits of the case are not before the trial court. *Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Grp., P.A.*, 190 S.W.3d 891, 896–97 (Tex. App.—Dallas 2006, no pet.).

In contrast, to obtain a permanent injunction, an applicant must demonstrate four grounds: (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law. *Priest v. Tex. Animal Health Comm'n*, 780 S.W.2d 874, 875 (Tex. App.—Dallas 1989, no writ). As the court stated in *NMTC Corp. v. Conarroe*, 99 S.W.3d 865, 867–68 (Tex. App.—Beaumont 2003, no pet.), "[t]emporary injunctions serve a different purpose, and are issued at a different stage of litigation, than permanent injunctive relief." The court explained further, "[t]emporary injunctions are issued to prevent only harm that cannot be prevented after a final determination on the merits. A permanent injunction provides, as part of the final judgment, the injunctive relief to which the applicant is shown to be entitled after the merits are determined at trial; a temporary injunction simply preserves the status quo before a trial court determines the merits." *Id.* (citing *Butnaru,* 84 S.W.3d at 204).

The only evidence offered at trial was Smith's testimony that appellees were requesting that the temporary injunction be made permanent. She testified that appellees had dropped their claim for partition. She also testified that appellees were seeking an accounting of income from a different piece of property. And there was testimony regarding the attorney's fees incurred by appellees. The only exhibit offered into evidence was notice of trial sent to appellant's attorney. No evidence was adduced on which the trial court could have concluded that appellant acted

5

wrongfully or that appellees had established the other elements to obtain a permanent injunction. *See Priest*, 780 S.W.2d at 875.

Because there was legally insufficient evidence to support the trial court's permanent injunction, we sustain appellant's first issue. We reverse the trial court's judgment and remand the cause for further proceedings.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

101294F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH ALAN YOUNG, Appellant

No. 05-10-01294-CV      V.

TRACY LYNN SMITH, KEITH BAILEY
AND DAVID LEWIS GOLDEN, Appellees

On Appeal from the 429th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 429-03129-2009.
Opinion delivered by Justice Bridges.
Justices O'Neill and Lang, participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause is **REMANDED** to the trial court for further proceedings consistent with the opinion.

It is **ORDERED** that appellant Keith Alan Young recover his costs of this appeal from appellees Tracy Lynn Smith, Keith Bailey and David Lewis Golden.

Judgment entered April 18, 2013.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

7