Willie L. POSEY, Appellant,

v.

MONIER RESOURCES, INC., Appellee.

No. 04–88–00512–CV.

Court of Appeals of Texas, San Antonio.

April 5, 1989.

Rehearing Denied May 4, 1989.

Walter C. Wolff, Jr., Wolff & Wolff, San Antonio, for appellant.

Keith M. Baker, Soules & Wallace, San Antonio, for appellee.

Before BUTTS, BIERY and CARR, JJ.

## OPINION

BUTTS, Justice.

Willie L. Posey appeals from an order granting a temporary injunction. Posey is enjoined from competing with his former employer Monier Resources, Inc. and from using or divulging confidential information and trade secrets.

Posey brings twenty four points of error which will be addressed as follows: the trial court abused its discretion in granting

the temporary injunction not to divulge confidential information and trade secrets of Monier; the trial court abused its discretion in granting the temporary injunction because it is too broad as to time, territory, or activity.

The purpose of a temporary injunction is to preserve the status quo of the subject matter of the suit pending a final trial of the case on its merits. *Janus Films Inc. v. City of Fort Worth,* 163 Tex. 616, 358 S.W.2d 589 (1962); *Keystone Life Insurance Co. v. Marketing Management, Inc.,* 687 S.W.2d 89, 90 (Tex.App.—Dallas 1985, no writ). Because the trial judge is endowed with broad discretion to grant or deny the injunction, appellate review is limited to the narrow question whether the action of the trial judge in granting or denying the temporary injunction constitutes a clear abuse of discretion. *Janus Films,* 358 S.W.2d at 589; *Keystone,* 687 S.W.2d at 90; *see Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978). To establish a right to an issuance of a temporary injunction, applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953).

Posey had been a salesman of admixtures (additive to concrete to reduce water content and result in faster setting) before going to work for Monier about January 10, 1984. His education included about three years of college. Posey worked in Monier's corporate division, receiving training pertaining to "fly ash," a cement replacement. He resigned June 20, 1988, immediately going to work for W.R. Grace Company, which is a competitor of Monier.

Soon after becoming a Monier employee, Posey signed two company documents relative to "policy and security," promising not to disclose information about procedures, inventions, and products of Monier. After six months employment, he signed the non-competition agreement.

Posey had gained some knowledge about admixtures from his previous employer, American Admixtures, where he was a salesman for approximately one year. He also learned about superplasticizers in that job.

About one and one-half years before he ended his employment with Monier, he was appointed district sales manager of the north Texas region. Monier argued he thus had some responsibility for profit and loss as well as supervision over some sales and service representatives. Posey argued the position was little more than a title and entailed no real responsibility as an executive. He considered himself to be a salesman.

Bill Barron, executive with Monier, testified that Posey learned about product development of Monier at its seminars and also learned the secret techniques developed by Monier. He also learned who the customers of Monier were. The same witness testified that Posey did not know about the technology of concrete until he received training with that company.

An engineering consultant, Richard Kisner, stated that a salesman must have technological information to be effective in the admixture business and that it takes a salesman about five years to become proficient. Posey had worked only one year in that business before working for Monier four and one-half years.

The trial court found that Posey had breached the employment agreement in several respects. The court enjoined him from using or divulging confidential information regarding the processes, systems, techniques, procedures and trade secrets developed by Monier for a period of one year in all the counties of the State except for Bexar and Hays Counties and a portion of Travis County. The court enjoined Posey from competing "in any manner and by any method" with Monier for one year in all counties of the State except the areas named before. The court enjoined him from using or divulging confidential information (confidential processes, systems, techniques, procedures or trade secrets developed by Monier) to any third party for a period of two years in any state other than Texas. Monier is a nation-wide organization. He was enjoined from competing in

any manner or method with Monier for a period of one year in any state other than Texas. In addition, Posey agreed to be enjoined from selling the concrete admixture "fly ash" for a period of two years, and it was so ordered. He further agreed to be enjoined from selling admixtures to two specific companies for a period of one year, and it was so ordered.

The trial court found that Posey was not engaged in a "common calling" when his employment with Monier ended. *See Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d 168, 172 (Tex.1987).

■ A covenant not to compete is enforceable only if its terms are reasonable. *See Hill v. Mobile Auto Trim, Inc.,* 725 S.W.2d at 170. Whether a covenant not to compete is reasonable is a question of law for the court. *Id.,* citing *Henshaw v. Kroenecke,* 656 S.W.2d 416, 418 (Tex.1983). A covenant is unreasonable "if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted." *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 951 (1960).

■ *Hill, supra,* delineates four criteria that a covenant must meet in order to be deemed reasonable: (1) the covenant must be necessary for the protection of the promisee; (2) the covenant must not be oppressive to the promisor, who has only his labor to sell. The courts are concerned here with limitations as to time, territory, and activity; (3) the covenant must not be injurious to the public, thereby preventing competition and depriving the community of needed goods; and (4) the agreement is enforceable only if there is consideration. *See* 725 S.W.2d at 170–71. It is stated in *Hill:*

> In employee convenants, the special training or knowledge acquired by the employee through his employer is valuable consideration and often enhances the value of the employee to other firms. To allow an employee to use or sell this valuable training or knowledge upon leaving a firm would create a disincentive for employers to train or educate employees.

*Id.* at 171. We find in the present case there existed consideration to the employee through the training and knowledge he received from Monier, as well as his continued employment after he signed the covenants.

■ In applying the *Weatherford Oil Tool Co.* test for reasonableness, the court will not declare employment covenants wholly void because they are unreasonable as to time, or as to extent of territory covered, or unreasonable as to both time and territory. Instead, a court of equity will enforce the contract by granting an injunction restraining competition for a time and within an area that is reasonable under the circumstances. *Justin Belt Co. v. Yost,* 502 S.W.2d 681, 685 (Tex.1973). As previously stated it is settled law that the question of what is reasonable is a question of law for the court.

■ Appellant contends the temporary injunction is overbroad. We agree. Provision no. 2 of the Temporary Injunction prohibits Posey from:

> competing *in any manner and by any method* with Plaintiff, whether by the sale of admixtures used in the production of concrete to customers in the concrete industry or otherwise for a period of one year ... *in all the counties of Texas* ... [except for the named restricted area].

This clearly does not meet the test of *Weatherford Oil Tool Co.* in that it is not necessary for the protection of the promisee, and it is oppressive to the promisor. *See* 340 S.W.2d at 951.

■ Provision no. 4 of the Temporary Injunction likewise prohibits Posey from:

> competing *in any manner and by any method* with Plaintiff, whether by the sale of admixtures used in the production of concrete to customers in the concrete industry or otherwise *in all of the states of the United States outside the State of Texas* for a period of two years ...

We find these two provisions of the injunction to be overbroad and unreasonable as to the subject matter ("competing in any manner or by any method") and the extent of the territory covered in the circumstances of this case.

We conclude that the restrictions contained in the provisions noted above are not reasonably necessary in all respects to protect the business and good will of the employer. We must also protect the employee by enforcing such restrictions only to the extent that they are reasonable in time and scope. *See David v. Bache Halsey Stuart Shields, Inc.*, 630 S.W.2d 754, 757 (Tex. App.—Houston [1st Dist.] 1982, no writ).

It was shown that Posey's area of work for Monier extended through an area north of Bexar County up the IH 35 corridor to North Texas. The delineated territory is well known to the parties. We find that geographic limitation to be reasonable. We therefore modify provision no. 2 to limit its prohibitions to that territory. We also modify provision no. 2 by deleting the words "in any manner and by any method ... whether." Next we delete provision no. 4 entirely. In all other respects the temporary injunction is affirmed. We hold the trial court did not abuse its discretion in granting the temporary injunction not to compete and not to divulge confidential information and trade secrets of Monier. We sustain the argument that the injunction was too broad as to territory and activity.

The judgment is affirmed as modified. Each party is assessed one-half costs of appeal.