**Opinion filed November 15, 2012**



## In The

# Eleventh Court of Appeals

_____

## No. 11-11-00315-CV
_____

## BENITO GARCIA, Appellant

## V.

## OILFIELD MUD & CHEMICAL SERVICES, INC., Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-132,193**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order granting a temporary injunction against Benito Garcia. As part of its suit against Garcia and other defendants not parties to this appeal, Oilfield Mud & Chemical Services, Inc. (OMCS) sought to enjoin its former employee, Garcia, from competing with OMCS. The trial court found that OMCS would suffer imminent harm without a temporary injunction and that, based upon the noncompetition agreement, OMCS would probably recover from Garcia in a trial on the merits. Garcia appeals. We modify and affirm.

Garcia challenges the temporary injunction in four issues on appeal. In his first two issues, Garcia contends that the trial court abused its discretion because the evidence is insufficient to show that OMCS has a probable right of recovery on its claims or that OMCS will suffer an irreparable injury without the issuance of a temporary injunction. In the third issue,

Garcia argues that the injunction is overly broad and constitutes an unreasonable restraint of trade as a matter of law. In his final issue, Garcia contends that the injunction is void for failing to specifically state how OMCS will suffer irreparable harm.

A temporary injunction is an extraordinary remedy that may be obtained to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993). To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action; (2) a probable right on final trial to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.* The decision to grant or deny a temporary injunction lies within the trial court's sound discretion, and we will reverse an order granting temporary injunctive relief only if the trial court abused its discretion. *Id.* We may not substitute our judgment for that of the trial court unless the trial court's action was so arbitrary as to exceed the bounds of reasonable discretion. *Id.*

OMCS asserted numerous causes of action against Garcia, including misappropriation of trade secrets, breach of contract, and breach of covenant not to compete. After a hearing on the application for temporary injunction, the trial court found that OMCS had a probable right to recover at trial for Garcia's breach of at least one of the two noncompetition agreements. The trial court found that OMCS had no probable right to recover on the cause of action for misappropriation of trade secrets and did not rely on that cause of action in issuing the injunction. Consequently, we need not reach the argument made by Garcia in his brief that, because OMCS's customer list, pricing information, and blend of corrosion inhibitor were not confidential, the trial court abused its discretion in entering an injunction based upon OMCS's claim for misappropriation of trade secrets.

With respect to injunctive relief based upon a noncompetition agreement, Garcia argues that, for a covenant not to compete to be enforceable, the employer must provide the employee with confidential information or trade secrets as consideration for the agreement. We disagree. A covenant not to compete is enforceable if it is reasonable in time, scope, and geography and if the covenant "is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made." TEX. BUS. & COM. CODE ANN. § 15.50(a) (West 2011); *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 771 (Tex. 2011). A company's goodwill is a protectable interest.

Section 15.50(a); *Marsh*, 354 S.W.3d at 777. The court in *Marsh* abrogated portions of an earlier opinion, *Light v. Centel Cellular Co. of Texas*, 883 S.W.2d 642 (Tex. 1994), upon which Garcia relies in this case. In *Marsh*, the court stated that there is no textual basis in Section 15.50(a) to exclude "the protection of much of goodwill from the business interests" that a noncompetition agreement may protect. 354 S.W.3d at 775. "*Light*'s requirement is contrary to the language of the Act; thwarts the purpose of the Act, which was to expand rather than restrict the enforceability of such covenants; and contradicts the Act's intent . . . ." *Id.*

The record in this case shows that Garcia and OMCS entered into two noncompetition agreements. The first one, which was signed on October 28, 2009, as a condition of Garcia being hired initially by OMCS, provided in part: "For good consideration and as an inducement for [OMCS] to employ Ben Garcia (Employee), the undersigned Employee hereby agrees not to directly or indirectly compete with the business of [OMCS] during the period of employment and for a period of 2 years following termination of employment." The consideration listed in this agreement included providing Garcia "access to trade secrets, customers and other confidential data and good will." On December 22, 2009, the parties entered into a second noncompetition agreement, at which time Garcia was provided with additional compensation and benefits.

Garcia worked as a service technician in OMCS's drilling department, servicing customer's drilling rigs with a chemical corrosion inhibitor. As such, he dealt with OMCS's customers and even procured some new customers for OMCS. OMCS presented evidence indicating that, while still employed by OMCS, Garcia was taking steps to form a business (International Chemical Technology) to directly compete with OMCS and was soliciting OMCS's customers. Before Garcia actually quit working for OMCS, he took his own service trailers to a rig site. When Garcia left OMCS, several of OMCS's customers left too and used Garcia to service their drilling rigs. As Garcia explained to a coworker, "[E]verybody on the rigs, they know [Garcia], they don't know Oilfield Mud & Chemical. They don't even know who Randy is." Randy Harris is the owner and president of OMCS. OMCS lost approximately 20% to 25% of its total sales based on its sales from the month prior to Garcia's resignation.

Based upon the evidence presented at the hearing, the trial court did not abuse its discretion in determining that OMCS had a probable right to recover on its cause of action for breach of a covenant not to compete. *See Vaughn v. Intrepid Directional Drilling Specialists, Ltd.*, 288 S.W.3d 931 (Tex. App.—Eastland 2009, no pet.); *see also Marsh*, 354 S.W.3d 764; *Butler v. Arrow Mirror & Glass, Inc.*, 51 S.W.3d 787 (Tex. App.—Houston [1st Dist.] 2001, no

3

pet.). Nor did the trial court abuse its discretion in determining that OMCS would suffer an irreparable injury without the issuance of a temporary injunction. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204. The trial court could have determined that OMCS's damages could not be measured by any certain pecuniary standard. *See Vaughn*, 288 S.W.3d at 937; *Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289, 293 (Tex. App.—Beaumont 2004, no pet.); *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 24 (Tex. App.—Houston [1st Dist.] 1998, pet. dism'd); *Car Wash Systems of Tex., Inc. v. Brigance*, 856 S.W.2d 853 (Tex. App.—Fort Worth 1993, no writ). Garcia's first and second issues are overruled.

In his third issue, Garcia contends that the injunction is overly broad and constitutes an unreasonable restraint of trade as a matter of law because it prevents Garcia from conducting related activities with businesses with whom Garcia and/or OMCS has had no prior contact. An injunction issued to enforce a covenant not to compete should contain reasonable limitations as to time, geographical area, and scope of activity to be restrained and should not impose a greater restraint than is necessary to protect the goodwill or other business interest of the former employer. *See* Section 15.50(a). The injunction is properly limited as to time and geographic area: a term of two years from the date that Garcia terminated his employment with OMCS and a 125-mile radius.

With respect to the scope of the activity to be restrained, however, the temporary injunction provides:

> Garcia shall not . . . directly or indirectly, solicit, accept business from, perform services for, or disclose any of OMCS's confidential and proprietary information, related to products and services substantially similar to the products and services provided by OMCS, [] for any individual or entity that OMCS had provided products and services for during the period of Garcia's employment with OMCS . . . *regardless of whether Garcia had any dealings with or performed any functions for the individual or entity during his employment with OMCS* (emphasis added).

The trial court expressly provided that Garcia would not be prohibited from performing services or providing products unrelated to the business of OMCS, including selling pumps or degreasing rigs. Although the injunction is limited to the performance of work involving products and services substantially similar to those provided by OMCS, it is not limited to customers with whom Garcia had dealt while he was employed at OMCS. In that respect, the injunction is

4

overbroad and constitutes an unreasonable restraint of trade. *See Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 386–88 (Tex. 1991). Accordingly, we will modify the injunction so that it will not be overbroad. *See T-N-T Motorsports*, 965 S.W.2d at 25–26; *Posey v. Monier Res., Inc.*, 768 S.W.2d 915, 919 (Tex. App.—San Antonio 1989, writ denied). Garcia's third issue is sustained.

In his final issue, Garcia contends that the injunction is void for failing to specifically state how OMCS will suffer irreparable harm. TEX. R. CIV. P. 683 mandates that, in an order granting a temporary injunction, a trial court must set out the reason for granting the injunction, including why injury will be suffered if the court does not grant the injunction. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971). In its order, the trial court concluded that OMCS would suffer imminent harm and would be irreparably injured if an injunction were not issued because, "in spite of his non-competition agreement" with OMCS, Garcia will likely "continue to solicit and take [OMCS]'s clients and will continue to unfairly and illegally compete with the business of [OMCS]." We hold that the order is not void and that it sufficiently states how OMCS would be harmed if an injunction were not granted. Garcia's fourth issue is overruled.

Paragraph b.2. of the trial court's temporary injunction order is modified to read as follows:

> Garcia shall not, within a 125 mile radius of Odessa, Texas, for a period of two years following the date of termination of his employment with OMCS (such date of termination being August 15, 2011), directly or indirectly, solicit, accept business from, or perform services for any customer with whom Garcia had contact while he was employed by OMCS or disclose any of OMCS's confidential and proprietary information, related to products and services substantially similar to the products and services provided by OMCS.

As modified, the order of the trial court is affirmed.


JIM R. WRIGHT

November 15, 2012                                    CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Gray, C.J., 10th Court of Appeals.[1]

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.