Opinion filed November 15,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00315-CV

                                                    __________

 

                                      BENITO
GARCIA, Appellant

 

                                                             V.

 

           OILFIELD MUD
& CHEMICAL SERVICES, INC., Appellee



 

                                   On
Appeal from the 358th District Court

                                                             Ector
County, Texas

                                                  Trial
Court Cause No. D-132,193

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
is an appeal from an order granting a temporary injunction against Benito
Garcia.  As part of its suit against Garcia and other defendants not parties to
this appeal, Oilfield Mud & Chemical Services, Inc. (OMCS) sought to enjoin
its former employee, Garcia, from competing with OMCS.  The trial court found
that OMCS would suffer imminent harm without a temporary injunction and that, based
upon the noncompetition agreement, OMCS would probably recover from Garcia in a
trial on the merits.  Garcia appeals.  We modify and affirm.  

            Garcia
challenges the temporary injunction in four issues on appeal.  In his first two
issues, Garcia contends that the trial court abused its discretion because the
evidence is insufficient to show that OMCS has a probable right of recovery on its
claims or that OMCS will suffer an irreparable injury without the issuance of a
temporary injunction.  In the third issue, Garcia argues that the injunction is
overly broad and constitutes an unreasonable restraint of trade as a matter of
law.  In his final issue, Garcia contends that the injunction is void for
failing to specifically state how OMCS will suffer irreparable harm.  

A
temporary injunction is an extraordinary remedy that may be obtained to
preserve the status quo of the litigation’s subject matter pending a trial on
the merits.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002); Walling
v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993).  To obtain a temporary
injunction, the applicant must plead and prove three specific elements: (1) a
cause of action; (2) a probable right on final trial to the relief sought; and
(3) a probable, imminent, and irreparable injury in the interim.  Butnaru,
84 S.W.3d at 204.  An injury is irreparable if the injured party cannot be
adequately compensated in damages or if the damages cannot be measured by any
certain pecuniary standard.  Id.  The decision to grant or deny a
temporary injunction lies within the trial court’s sound discretion, and we
will reverse an order granting temporary injunctive relief only if the trial
court abused its discretion.  Id.  We may not substitute our judgment
for that of the trial court unless the trial court’s action was so arbitrary as
to exceed the bounds of reasonable discretion.  Id.  

OMCS
asserted numerous causes of action against Garcia, including misappropriation
of trade secrets, breach of contract, and breach of covenant not to compete.  After
a hearing on the application for temporary injunction, the trial court found
that OMCS had a probable right to recover at trial for Garcia’s breach of at
least one of the two noncompetition agreements.  The trial court found that OMCS
had no probable right to recover on the cause of action for misappropriation of
trade secrets and did not rely on that cause of action in issuing the injunction. 
Consequently, we need not reach the argument made by Garcia in his brief that,
because OMCS’s customer list, pricing information, and blend of corrosion
inhibitor were not confidential, the trial court abused its discretion in
entering an injunction based upon OMCS’s claim for misappropriation of trade
secrets.

With
respect to injunctive relief based upon a noncompetition agreement, Garcia
argues that, for a covenant not to compete to be enforceable, the employer must
provide the employee with confidential information or trade secrets as
consideration for the agreement.  We disagree.  A covenant not to compete is
enforceable if it is reasonable in time, scope, and geography and if the
covenant “is ancillary to or part of an otherwise enforceable agreement at the
time the agreement is made.”  Tex. Bus.
& Com. Code Ann. § 15.50(a) (West 2011); Marsh USA Inc. v. Cook,
354 S.W.3d 764, 771 (Tex. 2011).  A company’s goodwill is a protectable
interest.  Section 15.50(a); Marsh, 354 S.W.3d at 777.  The court in Marsh
abrogated portions of an earlier opinion, Light v. Centel Cellular Co. of
Texas, 883 S.W.2d 642 (Tex. 1994), upon which Garcia relies in this case. In
Marsh, the court stated that there is no textual basis in Section 15.50(a)
to exclude “the protection of much of goodwill from the business interests”
that a noncompetition agreement may protect.  354 S.W.3d at 775.  “Light’s
requirement is contrary to the language of the Act; thwarts the purpose of the
Act, which was to expand rather than restrict the enforceability of such
covenants; and contradicts the Act’s intent . . . .”  Id.  

The
record in this case shows that Garcia and OMCS entered into two noncompetition
agreements.  The first one, which was signed on October 28, 2009, as a
condition of Garcia being hired initially by OMCS, provided in part: “For good
consideration and as an inducement for [OMCS] to employ Ben Garcia (Employee),
the undersigned Employee hereby agrees not to directly or indirectly compete
with the business of [OMCS] during the period of employment and for a period of
2 years following termination of employment.”  The consideration listed in this
agreement included providing Garcia “access to trade secrets, customers and
other confidential data and good will.”  On December 22, 2009, the parties entered
into a second noncompetition agreement, at which time Garcia was provided with
additional compensation and benefits.

Garcia
worked as a service technician in OMCS’s drilling department, servicing
customer’s drilling rigs with a chemical corrosion inhibitor.  As such, he dealt
with OMCS’s customers and even procured some new customers for OMCS.  OMCS
presented evidence indicating that, while still employed by OMCS, Garcia was
taking steps to form a business (International Chemical Technology) to directly
compete with OMCS and was soliciting OMCS’s customers.  Before Garcia actually
quit working for OMCS, he took his own service trailers to a rig site.  When
Garcia left OMCS, several of OMCS’s customers left too and used Garcia to
service their drilling rigs.  As Garcia explained to a coworker, “[E]verybody
on the rigs, they know [Garcia], they don’t know Oilfield Mud & Chemical. 
They don’t even know who Randy is.”  Randy Harris is the owner and president of
OMCS.  OMCS lost approximately 20% to 25% of its total sales based on its sales
from the month prior to Garcia’s resignation.

Based
upon the evidence presented at the hearing, the trial court did not abuse its
discretion in determining that OMCS had a probable right to recover on its
cause of action for breach of a covenant not to compete.   See Vaughn v.
Intrepid Directional Drilling Specialists, Ltd., 288 S.W.3d 931 (Tex.
App.—Eastland 2009, no pet.); see also Marsh, 354 S.W.3d 764; Butler
v. Arrow Mirror & Glass, Inc., 51 S.W.3d 787 (Tex. App.—Houston [1st
Dist.] 2001, no pet.).  Nor did the trial court abuse its discretion in
determining that OMCS would suffer an irreparable injury without the issuance
of a temporary injunction.  An injury is irreparable if the injured party
cannot be adequately compensated in damages or if the damages cannot be
measured by any certain pecuniary standard.  Butnaru, 84 S.W.3d at 204. 
The trial court could have determined that OMCS’s damages could not be measured
by any certain pecuniary standard.  See Vaughn, 288 S.W.3d at 937; Wright
v. Sport Supply Group, Inc., 137 S.W.3d 289, 293 (Tex. App.—Beaumont 2004,
no pet.); T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc., 965
S.W.2d 18, 24 (Tex. App.—Houston [1st Dist.] 1998, pet. dism’d); Car Wash
Systems of Tex., Inc. v. Brigance, 856 S.W.2d 853 (Tex. App.—Fort Worth
1993, no writ).  Garcia’s first and second issues are overruled.  

In
his third issue, Garcia contends that the injunction is overly broad and
constitutes an unreasonable restraint of trade as a matter of law because it
prevents Garcia from conducting related activities with businesses with whom
Garcia and/or OMCS has had no prior contact.  An injunction issued to enforce a
covenant not to compete should contain reasonable limitations as to time,
geographical area, and scope of activity to be restrained and should not impose
a greater restraint than is necessary to protect the goodwill or other business
interest of the former employer.  See Section 15.50(a).  The injunction
is properly limited as to time and geographic area: a term of two years from
the date that Garcia terminated his employment with OMCS and a 125-mile radius.

With
respect to the scope of the activity to be restrained, however, the temporary
injunction provides:

Garcia shall not . . .
directly or indirectly, solicit, accept business from, perform services for, or
disclose any of OMCS’s confidential and proprietary information, related to
products and services substantially similar to the products and services
provided by OMCS, [] for any individual or entity that OMCS had provided
products and services for during the period of Garcia’s employment with OMCS .
. . regardless of whether Garcia had any dealings with or performed any
functions for the individual or entity during his employment with OMCS
(emphasis added).  

The trial court
expressly provided that Garcia would not be prohibited from performing services
or providing products unrelated to the business of OMCS, including selling
pumps or degreasing rigs.  Although the injunction is limited to the
performance of work involving products and services substantially similar to
those provided by OMCS, it is not limited to customers with whom Garcia had
dealt while he was employed at OMCS.  In that respect, the injunction is
overbroad and constitutes an unreasonable restraint of trade.  See Peat
Marwick Main & Co. v. Haass, 818 S.W.2d 381, 386–88 (Tex. 1991).  Accordingly,
we will modify the injunction so that it will not be overbroad.  See T-N-T
Motorsports, 965 S.W.2d at 25–26; Posey v. Monier Res., Inc., 768
S.W.2d 915, 919 (Tex. App.—San Antonio 1989, writ denied).  Garcia’s third
issue is sustained.  

In
his final issue, Garcia contends that the injunction is void for failing to
specifically state how OMCS will suffer irreparable harm.  Tex. R. Civ. P. 683 mandates that, in
an order granting a temporary injunction, a trial court must set out the reason
for granting the injunction, including why injury will be suffered if the court
does not grant the injunction.  State v. Cook United, Inc., 464 S.W.2d
105, 106 (Tex. 1971).  In its order, the trial court concluded that OMCS would
suffer imminent harm and would be irreparably injured if an injunction were not
issued because, “in spite of his non-competition agreement” with OMCS, Garcia will
likely “continue to solicit and take [OMCS]’s clients and will continue to
unfairly and illegally compete with the business of [OMCS].”  We hold that the
order is not void and that it sufficiently states how OMCS would be harmed if
an injunction were not granted.  Garcia’s fourth issue is overruled.  

Paragraph
b.2. of the trial court’s temporary injunction order is modified to read as
follows:

            Garcia shall not, within a 125
mile radius of Odessa, Texas, for a period of two years following the date of
termination of his employment with OMCS (such date of termination being August
15, 2011), directly or indirectly, solicit, accept business from, or perform
services for any customer with whom Garcia had contact while he was employed by
OMCS or disclose any of OMCS’s confidential and proprietary information,
related to products and services substantially similar to the products and
services provided by OMCS.

As modified, the
order of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

November 15,
2012                                                                CHIEF
JUSTICE

Panel consists of: Wright, C.J.,

McCall, J., and Gray, C.J., 10th
Court of Appeals.[1]









[1]Tom Gray, Chief Justice, Court of Appeals, 10th
District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.