**Opinion filed May 30, 2024**



# In The

# Eleventh Court of Appeals

_____

## No. 11-23-00274-CV

_____

## IN THE ESTATE OF SOLEDAD BANEGAS SHULTZ

**On Appeal from the County Court at Law No. 2
Ector County, Texas
Trial Court Cause No. 24121-CCL2**

### M E M O R A N D U M   O P I N I O N

In this interlocutory appeal, we revisit a familiar dispute relating to the estate of Soledad Banegas Shultz. *See Estate of Shultz*, No. 11-21-00177-CV, 2022 WL 4099404 (Tex. App.—Eastland Sept. 8, 2022, no pet.) (mem. op.) (affirming temporary injunction prohibiting the disposition of estate assets and related order imposing constructive trust on estate assets).[1] Richard Banegas, now acting as successor to Appellee, Sandra Banegas as personal representative of the estate, filed

---

[1]We also denied, without issuing an opinion, a mandamus petition filed by Richard Banegas in Cause No. 11-23-00205-CV.

a request for a temporary and permanent injunction that requires Rafael Rodriguez, Sandra's attorney, to produce his "entire client file." After the trial court denied the request, Richard filed this interlocutory appeal.[2] We conclude that the trial court did not abuse its discretion when it denied Richard's request for a temporary injunction because he has an adequate remedy at law. We affirm the order of the trial court.

*Factual Background[3]*

Soledad Shultz passed away in September of 2019. Soledad's will bequeathed her estate in three equal shares to Sandra, Richard, and Jesus Banegas, her niece and nephews. The will named Sandra as executrix. Sandra also held Soledad's power of attorney because four years before her death, Soledad signed a statutory durable power of attorney designating Sandra as such. After her passing, Soledad's will was admitted to probate and Sandra was appointed as independent executrix of Soledad's estate without the necessity of posting a bond.

Several months after Soledad's passing, Sandra informed Richard and Jesus that the entire estate was only worth $1,500. Richard and Jesus thereafter sued Sandra for breach of fiduciary duty and sought to remove her as executrix. Richard and Jesus alleged that Sandra used the power of attorney and her status as a payable-upon-death (POD) beneficiary on Soledad's bank accounts to abscond with and squander almost the entire estate in violation of her fiduciary duties. They asserted claims against Sandra for breach of fiduciary duty, fraud, conversion, embezzlement, and undue influence; they also requested the imposition of a constructive trust, temporary injunctive relief, and the appointment of a new executor. There is

---

[2]Under Section 51.014(a)(4) of the Texas Civil Practice & Remedies Code, a party may file an interlocutory appeal from an order that grants or refuses a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2023).

[3]Many of the facts in this opinion are derived from our opinion in *Estate of Shultz*, 2022 WL 4099404, at *1–2.

evidence that Sandra subsequently accessed and utilized funds from the POD account for her personal benefit. *See Estate of Shultz*, 2022 WL 4099404, at *2.

During the same timeframe, Sandra also began seeking legal advice from Rodriguez. Richard was ultimately substituted in her place as independent executor. Thereafter, Rodriguez continued to represent Sandra in her personal capacity.

In August 2021, Richard served interrogatories and requests for production of documents on Sandra. Among other things, the interrogatories sought a description of any communications between Sandra and Rodriguez relating to the POD accounts. Likewise, one of Richard's requests for production sought all communications between Sandra and Rodriguez concerning the POD beneficiary designation. The trial court ordered Sandra to respond to a specific interrogatory and request for production "as they relate to attorney-client communications," but only with respect to communications between September 25, 2015 and the date of Soledad's death.

Richard filed the application for temporary and permanent injunction that is the subject of this appeal. In the application, Richard sought an injunction compelling Rodriguez to turn over his "entire client file." After the trial court denied his request for a temporary injunction, Richard filed this interlocutory appeal.

*Jurisdiction*

In her brief, Sandra contends that we lack jurisdiction over this appeal. Sandra acknowledges that an interlocutory appeal may be taken from the denial of a request for a temporary injunction under Section 51.014(a)(4) of the Civil Practice & Remedies Code. However, Sandra maintains that, because Texas courts should construe motions based on their substance, rather than their caption, we should construe Richard's request as a discovery motion and the trial court's order as if it were an order denying a motion to compel the production of documents. *See Sierra*

*Club v. Tex. Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.) ("Motions are judged by their substance rather than their titles.") (quoting *City of McAllen v. Ramirez*, 875 S.W.2d 702, 705 (Tex. App.—Corpus Christi–Edinburg 1994, orig. proceeding)); *see also SM Energy Co. v. Union Pacific Railroad Co.*, 652 S.W.3d 830, 836 (Tex. App.—Eastland 2022, pet. denied) (we look to the substance of a pleading, rather than its form, to determine what relief is being sought).

In support of her position, Sandra points to *Sobel v. Taylor*, 640 S.W.2d 704 (Tex. App.—Houston [14th Dist.] 1982, no writ). In *Sobel*, the Fourteenth Court of Appeals held that the use of the word "enjoined" in a discovery order seeking the return of documents did not thereby convert it into an injunction. *Id.* at 707. Sandra also cites several other cases that support the general notion that orders compelling parties to take particular actions, but which do not purport to be injunctions, do not trigger an appellate court's interlocutory jurisdiction. *See Icon Benefit Administrators II, L.P. v. Mullin*, 405 S.W.3d 257, 262 (Tex. App.—Dallas 2013, no pet.) (post-trial enforcement of a pretrial protective order was not injunctive relief supporting separate appeal); *Letson v. Barnes*, 979 S.W.2d 414, 417 (Tex. App.—Amarillo 1998, pet. denied) ("An appeal of a temporary injunction is not a vehicle which imbues the court with jurisdiction to address interlocutory matters outside the scope of section 51.014 of the Texas Civil Practice and Remedies Code."); *Eichelberger v. Hayton*, 814 S.W.2d 179, 182 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (court of appeals lacked jurisdiction to review portion of order that compelled production of documents as a part of the discovery process).

We conclude that Richard's request is distinguishable from the cases cited by Sandra because, regardless of whether it is construed based on its caption or its substance, it is a request for injunctive relief. Richard was not mistaken in the way

4

he framed the substance of his request. He did not ask for a discovery order compelling the production of documents, nor does his request for an injunction rely on any of his previous attempts at obtaining discovery in the case. Instead, he clearly asked the trial court for an injunctive order requiring Rodriguez to produce his file.

Because Richard has requested and failed to obtain injunctive relief before the trial court, we have jurisdiction over this appeal. *See* CIV. PRAC. & REM. § 51.014(a)(4).

*Temporary Injunction*

In two issues on appeal, Richard contends that the trial court erred by denying his application for temporary injunction. We review the trial court's denial of a temporary injunction for an abuse of discretion. *Abbott v. Anti-Defamation League Austin, Sw., & Texoma Regions*, 610 S.W.3d 911, 916 (Tex. 2020); *Vaughn v. Intrepid Directional Drilling Specialists, Ltd.*, 288 S.W.3d 931, 936 (Tex. App.— Eastland 2009, no pet.) ("The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion."). In resolving evidentiary matters, the trial court does not abuse its discretion "if some evidence reasonably supports the court's ruling." *Abbott*, 610 S.W.3d at 916 (quoting *Henry v. Cox*, 520 S.W.3d 28, 34 (Tex. 2017)). However, the court has no discretion to incorrectly analyze or apply the law. *Id.* at 916–17 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

"To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see also Vaughn*, 288 S.W.3d at 936. "A probable right to the relief sought is shown by alleging a cause

5

of action and presenting evidence that tends to sustain it." *Vaughn*, 288 S.W.3d at 936.

Additionally, injunctive relief is equitable in nature. *In re Gamble*, 71 S.W.3d 313, 317 (Tex. 2002) ("A request for injunctive relief invokes a court's equity jurisdiction."). As such, Richard is also required to demonstrate that he has no adequate remedy at law before any injunctive relief can be granted. *See Cardinal Health Staffing Network, Inc. v. Bowen*, 106 S.W.3d 230, 235 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("[T]he inadequacies of the remedy at law [are] both the foundation of and conversely a limitation on equity jurisdiction.") (quoting *Sisco v. Hereford*, 694 S.W.2d 3, 7 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.)); *see also Montfort v. Trek Res., Inc.*, 198 S.W.3d 344, 350 (Tex. App.—Eastland 2006, no pet.) (including adequate remedy at law in list of elements for a permanent injunction).[4] An adequate remedy at law is one "that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief." *Davis v. Gulf Coast Auth.*, No. 11-19-00309-CV, 2020 WL 5491201, at *11 (Tex. App.—Eastland Sept. 11, 2020, no pet.) (mem. op.) (quoting *Milwee-Jackson Joint Venture v. Dallas Area Rapid Transit*, 350 S.W.3d 772, 782 (Tex. App.—Dallas 2011, no pet.)); *Cardinal Health*, 106 S.W.3d at 235.

Richard alleges that he has no adequate remedy at law. However, our rules of procedure provide Richard with at least two other means by which he can seek the

---

[4]In some situations, a statutory right to an injunction may obviate the need for the applicant to demonstrate an inadequate remedy at law. *See, e.g.*, *Furr v. Hall*, 553 S.W.2d 666, 672 (Tex. App.—Amarillo 1977, writ ref'd n.r.e.) ("[T]he equitable requirement to show there exists no adequate remedy at law is inapplicable, for the statutory right to the writ is clear without such showing."). Richard's application for injunction invokes Section 361.153(b) of the Texas Estates Code, which enables him to obtain "any order or remedy that the court has the power to give to enforce the delivery of the estate property." ESTATES § 361.153(b) (West 2020). However, Section 361.153(b) does not create an independent right of injunction. It merely indicates that it imposes no limitations on existing powers. As such, Richard's request for injunctive relief was equitable in nature.

materials in question. First, Richard can issue a subpoena to Rodriguez requesting the records at issue. TEX. R. CIV. P. 176. Additionally, because Susan remains a party in this case, Richard can serve Susan with a request to produce the materials. *Id.* R. 196.

The record reflects that Richard pursued written discovery prior to filing his request for a temporary injunction, albeit with limited success. Because Richard can and has sought the materials at issue through the written discovery processes, the trial court did not abuse its discretion when it denied his request for injunctive relief.[5] We overrule Richard's two issues challenging the denial of his application for temporary injunction.

*Richard's Alternative Request for Mandamus*

In his response to Sandra's argument that we lack jurisdiction, Richard argues that, if we find that we do not have jurisdiction over this appeal, we should instead treat his appeal as a petition for writ of mandamus. Although we have concluded that we have jurisdiction over the appeal, Richard's request remains relevant in light of our determination that the civil discovery process provides him with an adequate remedy at law.

In support of his request, Richard cites *CMH Homes v. Perez*, 340 S.W.3d 444 (Tex. 2011). In that case, the Texas Supreme Court determined that an order appointing an arbitrator was not appealable under Section 51.016 of the Texas Civil Practice and Remedies Code. *Id.* at 452. The court then remanded the case to the

---

[5]We do not comment on whether an injunctive order to produce documents might be appropriate in a context where such production complements or is incidental to other, requested injunctive relief. In *Fuentes v. Union de Pasteurizadores de Juarez Sociedad Anonima de Capital Variable*, for example, the Eighth Court of Appeals enjoined the destruction, alteration, or modification of business records that were needed to complete an audit and also entered an order requiring production of the same documents within forty-eight hours. 527 S.W.3d 492, 497 (Tex. App.—El Paso 2017, no pet.). In that case, an injunctive order was necessary in order to address a concern that the respondent might destroy or alter documents in bad faith. *Id.* No such concern is described here, nor does Richard request injunctive relief along those lines.

court of appeals, indicating that the court of appeals could proceed by considering the appellant's request as a petition for mandamus. *Id.* at 454. In *CMH Homes*, the record was already fully developed with respect to the trial court's ruling on the arbitration order. *Id.* at 446–47. By contrast, in this case, the record relating to Richard's request for an injunction is distinct from his previous efforts to obtain civil discovery. Accordingly, although we are aware that Richard has attempted to obtain the materials at issue through civil discovery in the past, we cannot be certain that the record, with respect to Richard's previous discovery efforts, is complete.

For the foregoing reasons, Richard's alternative request to consider his appeal as a petition for mandamus is denied.

Because Richard has an adequate remedy at law, the trial court did not abuse its discretion when it denied Richard's request for injunctive relief.

*This Court's Ruling*

We affirm the trial court's order denying Richard's request for a temporary and permanent injunction. We also deny Richard's alternative request to consider his appeal as a petition for writ of mandamus.


JOHN M. BAILEY
CHIEF JUSTICE


May 30, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

8